UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

KIM DOWNS,                                                  Case No. 14-cv-1386-JPG

          Debtor/Appellant.

## MEMORANDUM AND ORDER

This matter comes before the Court on debtor Kim Downs' response (Doc. 6) to the Court's January 7, 2015, order to show cause why the Court should not dismiss this appeal with prejudice pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to comply with a court rule (Doc. 3).   In that order, the Court noted that Downs had failed to file the designation of record, to file the statement of issues to be presented on appeal, or to pay the $298 filing fee or ask for leave to proceed *in forma pauperis*.   *See* Federal Rule of Bankruptcy Procedure 8009(a)(1)(A); 28 U.S.C. § 1930(b) & (c).

The Court notes that the certificate of service for Downs' response does not adequately attest to service on the parties in this case.   An appellant must serve all papers filed on all other parties to the appeal either by mail, personal carrier delivery, or personal service if the Court's CM/ECF filing system does not serve the parties for them.   *See* Fed. R. Bankr. P. 8011(b).   If the certificate of service is not an acknowledgement of service by the served party, it must indicate the date and method of service on each of the parties required to be served.   Federal Rule of Bankruptcy Procedure 8011(d)(1).   Downs' certificate is insufficient because it merely states "cc" to some, but not all, of the interested parties.   Specifically, it does not show service by an appropriate means under Federal Rule of Bankruptcy Procedure 8011(c)(1) on interested parties Gerald Hawthorne, Chapter 13 Trustee Russell Simon or Federal National Mortgage Association.

The Court therefore **STRIKES** Downs' response (Doc. 6) for insufficient service.

However, because it appears that Downs may have been confused about who would be served electronically by the Court's CM/ECF system because she had two separate appeals pending at the same time, the Court will allow her another brief opportunity to respond to the Court's order to show cause.   Accordingly, the Court **ORDERS** that Downs shall have up to and including February 16, 2015, to file and serve her response.   The certificate of service for her response **SHALL** comply with Federal Rule of Bankruptcy Procedure 8011(d)(1) and must attest to service on *all* interested parties in this case.   Should Downs fail to respond in a timely manner to the Court's January 7, 2015, order to show cause, the Court may dismiss this case with prejudice without further warning.   Should Downs' response fail to include a certificate of service that complies with Federal Rule of Bankruptcy Procedure 8011(d)(1), the Court may dismiss this appeal with prejudice without further warning pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to comply with a court rule/order.

**IT IS SO ORDERED.**
**DATED:   February 2, 2015**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2