UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

KIM DOWNS,                                                    Case No. 14-cv-1386-JPG

    Appellant/Debtor.

## MEMORANDUM AND ORDER

    This matter comes before the Court for case management purposes. In an order dated January 7, 2015 (Doc. 3), the Court noted that appellant debtor Kim Downs had not filed with the Bankruptcy Clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Federal Rule of Bankruptcy Procedure 8009(a)(1)(A). The Court further noted that she had neither paid the $298 filing fee required by 28 U.S.C. § 1930(b) and (c) nor filed a motion for leave to proceed *in forma pauperis*. In light of these deficiencies, the Court ordered Downs to show cause on or before January 21, 2015, why the Court should not dismiss this case with prejudice pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to comply with a court rule.

    Downs' response to the order to show cause (Doc. 6) was filed in the wrong case and did not contain a certificate of service adequately attesting to service on the parties in this case as required by Federal Rule of Bankruptcy Procedure 8011(b). Specifically, the certificate attached to Downs' response did not indicate the date and method of service on all of the parties in this case as required by Federal Rule of Bankruptcy Procedure 8011(d)(1). Therefore, Court struck Downs' response, allowed her additional time to refile her response, and ordered that her response must include a certificate of service that complies with Federal Rule of Bankruptcy Procedure 8011(d)(1) and that attests to service on *all* interested parties in this case. The Court further

warned Downs that if her response failed to include a certificate of service that complied with Federal Rule of Bankruptcy Procedure 8011(d)(1), the Court might dismiss this appeal with prejudice without further warning pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to comply with a court rule/order.

Downs filed her response again (Doc. 10), but her certificate of service is still inadequate. While she includes the names of all interested parties to this case, she does not specify the date or method of service on those parties as required by Federal Rule of Bankruptcy Procedure 8011(d)(1).

The Court has further reviewed the response itself and finds it does not adequately respond to the order to show cause why this case should not be dismissed for failure to pay the $298 filing fee or to file a motion for leave to proceed *in forma pauperis* in this case. Downs states that she filed a motion for leave to proceed *in forma pauperis* in her other bankruptcy appeal, Case No. 14-cv-3-JPG, but that motion does not address her obligation to pay the filing fee in *this* case. She filed two notices of appeal and must therefore pay, or be excused from paying, two filing fees.

Because Downs has failed to include an adequate certificate of service with her response as ordered by the Court and has failed to pay the required $298 filing fee or file a motion for leave to proceed *in forma pauperis* in this case, the Court will dismiss this appeal with prejudice pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to comply with a court rule/order. The Court realizes this is a harsh remedy, especially when imposed on a *pro se* litigant, but the Court takes this course of action having considered Downs' history of failing to obey Court rules and/or orders in this case and her earlier bankruptcy appeal, Case No. 14-cv-3-JPG.

In that case, the Court erroneously docketed Downs' second notice of appeal on the docket of the first appeal rather than transmitting the notice to the Bankruptcy Court to open a second

appeal (Case No. 14-cv-3-JPG, Doc. 7).    The Court notified the parties that it would belatedly transmit the second notice of appeal for opening of a second bankruptcy appeal and clarified the two distinct issues to be addressed in the respective appeals (Case No. 14-cv-3-JPG, Docs. 21 & 23).    These orders provided Downs notice that there were two appeals involving two distinct issues proceeding at the same time.    Her current plea of confusion is belied by the explanations in those orders, especially in light of the fact that she has demonstrated in her filings that she is competent to understands relevant issues, make coherent arguments, and cite relevant caselaw in support of her positions.

   Also in Downs' earlier case, she failed to follow various rules regarding designation of the record on appeal, statement of the issues to be presented on appeal, filing the appellate brief and service of filings on other parties in the case.    The Court noted these deficiencies and pointed out the rules that set forth the requirements (Case No. 14-cv-3-JPG, Doc. 23).    Nevertheless, Downs continued to make the same mistakes in this case.    Furthermore, when the Court pointed out similar errors again in this case (Docs. 3 & 7), Downs failed to correct them.

   As the Court noted in her earlier case, Downs has demonstrated, and continues to demonstrate, an utter disregard for the Court's procedural requirements.    Although the Court must construe Downs' *pro se* filings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998), she is not exempt from court rules because of her *pro se* status, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Importantly, many of the rules and orders Downs has disregarded are those designed to ensure notice to opposing parties of the issues in the case and the arguments Downs is making in support of her positions on those issues.    Her failure to comply with rules and orders deprives her opponents of their fundamental right to notice and an opportunity to be heard.    The Court has

given Downs adequate notice of her errors, has pointed her to the rules that she must follow to cure them, and has warned her that failure to follow those rules may result in dismissal of her case. She has not heeded those warnings, and in the Court's judgment dismissal is an appropriate course of action.

For the foregoing reasons, the Court **DISMISSES** this appeal **with prejudice** pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and Federal Rule of Civil Procedure 41(b) for failure to comply with a court rule/order and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 19, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
